## GOFF'S ADM'R *v.* NORFOLK & W. R. Co.

*(Circuit Court, W. D. Virginia.* February 11, 1888.)

1. **EXECUTORS AND ADMINISTRATORS—APPOINTMENT AND REMOVAL.**
   After an administrator appointed by a Virginia county court had qualified by giving bond without security, the court, in term, made an order permitting him to resign, and on the following day appointed a new administrator, who qualified by giving bond with security. *Held,* that the second appointment was regular.

2. **SAME—ACTION—COURTS—FEDERAL COURTS—JURISDICTION—CITIZENSHIP.**
   The fact that a citizen of another state is selected as administrator for the purpose of conferring on the United States circuit court jurisdiction of an action to be brought by him, does not defeat that jurisdiction.

3. **MASTER AND SERVANT—RISKS OF EMPLOYMENT—INFANCY.**
   It is an act of negligence on the part of a railroad company to take into its employment as a brakeman a minor of such tender years as not to know the

risks of the service, if the agent of the company making the contract knows that he is a minor. and that the contract is made without the consent of the parents, but not if the agent believes from his statements and his general appearance that he is not a minor.

**4. SAME.**

Where plaintiff's intestate enters the employment of defendant as brakeman, with knowledge of the fact that there are overhead bridges on the road, which are dangerous, and of the bridge which caused his death, and, being possessed of sufficient intelligence as to the danger, and how to avoid it, is struck by the bridge while standing upright on the top of a car, plaintiff cannot recover, although his intestate was a minor.[1]

At Law.

*Daniel Trigg, F. S. Blair* and *D. F. Bailey,* for plaintiff.

*Fulkerson & Page,* for defendant.

PAUL, J. This is an action of trespass, brought by J. G. Queesenbury, administrator of Walter Goff, deceased, and commenced August 29, 1887, which is the date of the summons sued out at the institution of the suit. The declaration alleges that the said J. G. Queesenbury is a citizen of the state of Maryland, while it is admitted that his intestate was a citizen of the state of Virginia. The defendant files three pleas in abatement; two of them going to the capacity of the plaintiff to sue, the third to the jurisdiction of the court. Two of the pleas allege that at the time this action was instituted the plaintiff was not the administrator of the deceased, Goff. The third plea is that said administrator is not a resident of the state of Maryland. The evidence shows that at the April term, 1887, of the county court of Wythe county, one Painter qualified as administrator of the estate of said decedent, giving bond as such administrator, but without security. On the 12th day of August, 1887, said county court, in term, made the following order, shown by a certified copy produced in evidence here now, to-wit:

"*Virginia.* At a court continued and held for Wythe county at the court-house, on Friday, 12th August, 1887,—present the same judge as on yesterday,—upon motion of Henry Painter he has leave to resign the administration of Walter Goff, decd., heretofore committed to him, it appearing that no funds of any kind have come to his hands. Ordered that court be adjourned until to-morrow morning, 10 o'clock.        G. J. HOLBROOK.

"A copy. Teste: E. H. UMBARGER, D. Clerk. For WM. B. FOSTER, Clerk of the County Court of Wythe County, Virginia."

On the following day of said court the plaintiff was appointed administrator of said Walter Goff, and duly qualified as such by giving bond with security. The court is of opinion that at the time the plaintiff was appointed administrator the powers of the former administrator had been revoked, and that the appointment of the plaintiff was regular and legal, and that he was the legally qualified representative of the deceased at the date of the institution of this suit.

Another objection to the jurisdiction of the court is based on the allegation by the defendant, and the facts admitted by the counsel for the

[1]As to the risks of employment assumed by railroad employes, see Railroad Co. v. Wright, (Ind.) 17 N. E. Rep. 584; Scanlon v. Railroad Co., (Mass.) 18 N. E. Rep. 209, and

plaintiff, that the plaintiff, a citizen of the state of Maryland, was selected by the friends of the deceased, and requested to qualify as administrator of his estate, in order to give this court jurisdiction of this suit. The court has carefully examined all of the authorities cited by counsel. Those chiefly relied on by counsel for the plaintiff are *Childress* v. *Emory*, 8 Wheat. 642; *Bonafee* v. *Williams*, 3 How. 574; *Coal Co.* v. *Blatchford*, 11 Wall. 172; *Rice* v. *Houston*, 13 Wall. 66. These cases really have no bearing upon this question, but they all bear upon the question as to the power of a foreign administrator to maintain a suit in a federal court, where the beneficiary and the defendant live in the same state; a question which was decided by this court at the November term, 1886, in *Harper* v. *Railroad Co.*, *ante*, 102. It is not necessary to discuss these authorities further. The authorities relied upon by the defendant are *Jones* v. *League*, 18 How. 76; *New Hampshire* v. *Louisiana*, 108 U. S. 76, 2 Sup. Ct. Rep. 176; *New York* v. *Louisiana*, Id. In the case of *Jones* v. *League* it was shown that the plaintiff was not a resident of a state different from that in which the defendants lived. It was a question of the *bona fide* citizenship of the plaintiff; a very different question from the one now under discussion. The cases of *New Hampshire and New York* v. *Louisiana* were cases arising on statutes authorizing citizens of the former states to sue a state in the name of their respective states; the question being, as Chief Justice WAITE puts it: "Whether a state can allow the use of its name in such a suit for the benefit of one of its citizens?"—the object plainly being to evade the eleventh amendment to the constitution of the United States, which forbids a citizen suing a state. And it was held the state had no such power. The court fails to see any analogy of that case to the question under consideration. In the case before us it is conceded that the plaintiff is a citizen of the state of Maryland. By reason of his citizenship he has a right to resort to the jurisdiction of this court. This right is conferred by the constitution and laws of the United States, and this right cannot be annulled by any agreement or understanding on the part of the relatives of the decedent and the plaintiff that he should qualify as such administrator with a purpose, by reason of his citizenship, to give this court jurisdiction of this suit. The reasons and motives actuating the real beneficiaries and the administrator in bringing his suit in this court are immaterial. He is authorized by the Virginia statute (chapter 145, Code Va. 1873) to bring this suit. He is the only party that could maintain it. He is officially responsible for the administration of the estate committed to his hands. He is here in accordance with the provisions of the constitution and laws defining the jurisdiction of this court, and he has a right to have his case heard here, and the objection to the jurisdiction cannot be sustained. The plea in abatement must be overruled.

The case being called for trial, the witnesses examined, upon motion of plaintiff's counsel the court gave the following instruction:

"If the jury believe from the evidence that the defendant railroad company, through its agent, contracted with Walter Goff, the deceased, to work as a brakeman on said railroad; that said Walter Goff, at the time of said contract,

was a minor of such tender years as not to know the hazards and risks of the service on which he was to enter, and that the fact of his being a minor was known to said agent of said company, and that said contract was made without the consent of the mother of said Walter Goff, which want of consent on the part of the mother was known to said railroad agent,—then the taking of said Walter Goff into the service of said company in pursuance of said contract was an act of negligence on the part of said company, and the plaintiff is entitled to recover in this action."

And upon motion of defendant's counsel the court gave the following instructions, to-wit:

"The general rule resulting from considerations as well of justice as of policy is that he who engages in the employment of another for the performance of specified duties and services for compensation, takes upon himself the natural and ordinary risks and perils incident to the performance of such services. He who enters the services of another, with the machinery, implements, and fixtures of the employer's business in a given condition, waives any claim upon the employer to furnish other or greater safeguards. If, therefore, the jury believe from the evidence that the deceased entered into the service of the defendant with knowledge of the fact that there were overhead bridges upon the road of defendant, which were dangerous; and if they further believe from the evidence that the deceased knew of the bridge in question; and if they further believe from the evidence that the deceased possessed sufficient intelligence to know the danger of such bridge, and to know how to avoid said danger, then they must find for the defendant.

"(2) The court further instructs the jury that if they believe from the evidence that Walter Goff, the deceased, was of years of discretion, while learning the duties of a brakeman passed through the bridge in question, and that he knew the danger of coming in contact with the top of said bridge, and that his attention had been called to the danger of injury from the lowness of the bridge, and that, with this knowledge, he stood upright on the top of the car, and while so standing was struck by the bridge and killed, then the said deceased was guilty of contributory negligence, and the plaintiff is not entitled to recover.

"(3) If the deceased knew of the exposure to danger in serving as a brakeman for defendant upon a train having to pass bridges not sufficiently high to permit him to pass under them while standing at full height on the top of a car; and if he had sufficient intelligence to understand the danger, and know how to avoid it; and with such knowledge of the danger consented to enter the service of the defendant as such brakeman, and was killed by coming in contact with the top of one of said bridges,—then the plaintiff cannot recover from the defendant by reason of the construction of said bridge.

"(4) The court further instructs the jury that, even if they believe from the evidence that the deceased was a minor under the age of twenty-one years, yet that a minor who takes employment in a hazardous position or business is held by the law to have assumed the risks incident to the service in which he engages of which he has notice or knowledge; and therefore, if the jury believe from the evidence that Walter Goff, the deceased, knew the dangers incident to the employment as a brakeman upon defendant's trains; and if they further believe that said Walter Goff possessed sufficient intelligence to comprehend the dangers incident to said service; and if they further believe that said Walter Goff was informed of the danger of passing through the bridge in question,—then the fact that he was a minor does not vary the law, and his administrator is not entitled to recover for his death caused by the bridge in question.

"(5) The court further instructs the jury that if they believe from the evidence that Walter Goff was employed by the conductor of the train upon which the accident occurred as a brakeman upon said train, and that at the time of said employment the said conductor did not know that the said Walter Goff was under twenty-one years of age; and if they further believe from the evidence that said conductor believed from the statements of said Walter Goff, and from his appearance, that he was 21 years of age,—then the defendant company is not chargeable with negligence by reason of employing the said Walter Goff as a brakeman, even if such employment was without the consent of the parents of the said Walter Goff; and the plaintiff is not entitled to recover by reasons of the employment of said Walter Goff without obtaining the consent of his parents.

"(6) The court instructs the jury that the contract for service made by the deceased W. Goff, if he were a minor, with the N. & W. R. R. Co., through its conductor, Johnston, was not void but only voidable, at the election of the said deceased or his mother; and until the said contract was so avoided it was as valid and binding upon the deceased as if he had been an adult at the time he entered into it; and the plaintiff is not entitled to recover, simply because the said contract was made with a minor."

After argument of counsel, the case was submitted to the jury, and there was a verdict for the defendant.