## THE DANIEL BURNS.

### STARIN'S CITY, R. & H. TRANSP. CO. v. THE DANIEL BURNS et al.

(Circuit Court of Appeals, Second Circuit. June 15, 1893.)

SHIPPING—SHORTAGE OF CARGO—EVIDENCE—APPEAL.

On a libel to recover the value of a portion of a cargo of oats claimed to have been placed on board a vessel, but not delivered, the only evidence as to the quantity put on board was that of a weigher, who merely assented to leading questions by counsel, including a statement of the amount, and who, though admitting that he had no recollection independent of his books, did not produce them in court. The trial court said that the evidence was "scarcely satisfactory," but dismissed the libel on another ground. *Held*, that its action could be sustained on the ground of the insufficiency of the evidence.

Appeal from the District Court of the United States for the Southern District of New York.

In Admiralty. Libel by Starin's City, River & Harbor Transportation Company against the canal boat Daniel Burns, Michael E. Kiley, claimant, to recover for an alleged shortage of cargo. In the district court the libel was dismissed. See 52 Fed. Rep. 159, where the facts are more fully stated in the opinion of the Honorable Judge Brown. Libelant appeals. Affirmed.

Henry W. Goodrich, for appellant.

J. A. Hyland, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. This is an appeal from a final decree of the district court of the southern district of New York, dismissing the

libel, with costs. Libelant sued to recover $539.20, the value of a portion of a cargo of oats laden on claimant's canal boat in the harbor of New York, and, as libelant claims, not delivered, but converted by the master. It is averred in the libel that the libelant put aboard the canal boat 8,989 bushels of oats, and that only 7,640 bushels were delivered. These averments were controverted by the answer, and, upon the issue thus raised, the libelant had the burden of proof. Upon the trial, libelant called its weighmaster, and sought to make proof of delivery on board the canal boat as follows: "Question. On the 8th of December, did you weigh and deliver aboard the canal boat Daniel Burns 287,650 pounds or 8,989.02 bushels of oats? Answer. I did." And, at the close of a cross-examination of the witness, he was asked on redirect: "Q. Is this a certificate made up by you from your books? A. That is, sir. (Certificate offered. Objected to. Excluded.) Q. You swear to the number that you have already stated? A. I do, sir."

Although these are substantially the statements of counsel, assented to by the witness, they might, if standing alone, be taken as sufficient evidence of the number of bushels put aboard; but they must be considered in connection with the rest of the witness' testimony, and his cross-examination indicates quite clearly that, in his assent to counsel's statement, he was not testifying from any independent recollection of the number of bushels, that he "had no figures in his mind," but "had them in his books," and no books or memoranda containing them were put in evidence, nor even brought into court, the witness stating that the books were in his possession, but "not there." Beyond this facile assent to three leading questions and some vague testimony as to an admission by the master of an undefined liability, there is no evidence in the case tending to show how many bushels of oats were put aboard the canal boat in excess of the 7,640 which she delivered. It is not surprising that the district judge found the proof, as to the actual quantity loaded upon the canal boat, "scarcely satisfactory." As he had the witness before him, and heard his examination, he was certainly in a better position than is the appellate court to determine whether the statement as to amount was that of the witness or of counsel. In the printed record it seems to be the latter.

The decree of the district court is affirmed, with costs.