## FIRESTONE TIRE & RUBBER CO. v. BRENT.
### No. 5267.

District Court, E. D. New York.
Nov. 15, 1932.

Davidson, Moses & Sicher, of New York City (Dudley F. Sicher, of New York City, of counsel), for plaintiff.

Max Ehrlich, of New York City, for defendant.

MOSCOWITZ, District Judge.

The defendant makes a motion to dismiss the second cause of action in the complaint on the ground that the court has no jurisdiction of the subject-matter of the action.

This is an action at law to recover an alleged balance of $18,377.80, with interest, for merchandise alleged to have been sold and delivered to the defendant.

There are two causes of action: The first cause of action is for an unpaid balance of $17,867.37 out of total purchases of $28,513.34 between July 31, 1931 and May 18, 1932; and the second cause of action is for the balance of $510.43 remaining after crediting the defendant with payments of $8,335.40 on a balance of $8,845.83 claimed to be unpaid on August 15, 1931, for purchases made prior to July 31, 1931.

There is ample authority to sustain the contention made by the plaintiff that the amount of the matter in controversy is determined, not by any one cause of action, but by the aggregate amount of all of the causes of action properly joined in an action at law.

"It pertains to a subject-matter of procedure exclusively within the federal jurisdiction, in which it is well settled that in the action of assumpsit, like that of an action on several notes, bonds and the like, the requisite jurisdictional amount is the aggregate of the judgment prayed for." Heffner v. Gwynne-Treadwell Cotton Co. (C. C. A.) 160 F. 635, at page 638.

"If it be true that the plaintiff should have pleaded as a separate cause of action the damages incurred for each month the contract was alive, jurisdiction over the subject-matter of the suit was not wanting, although none of the claims exceeded a few hundred dollars in amount, for the reason that their aggregate sum, for which judgment was prayed, was largely in excess of $3,000, exclusive of interest and costs. The requisite jurisdictional amount is controlled, not by state legislation, as defendant would have it appear, but by the federal law, and is determined by the aggregate sum for which judgment is sought, and not by the amount named in each cause of action." Yates v. Whyel Coke Co. (C. C. A.) 221 F. 603, at page 606.

"There was also manifest error in sustaining the demurrer to the second count. It is true the note there pleaded did not of itself reach the required jurisdictional amount in controversy. But the rule is well settled that all the demands in suit are to be taken together for purposes of jurisdiction, and it is not lost where upon a trial either a defense is established or the recovery is less than is required to be alleged when suit is brought." Commercial National Bank of Los Angeles v. Catron (C. C. A.) 50 F.(2d) 1023, 1025.

"It is further thought that if, in amending its pleading, the plaintiff does not abandon its present claims of exemption, its first cause of action, so far as it relates to the Fish Lake system, should be separately stated, so that there will be in the complaint three causes of

action instead of two. In this connection, however, it is proper to suggest that the separate statement of the cause of action relating to the Fish Lake system will not, as counsel for the defendant seem to suppose, affect the question of jurisdiction. The value of the matter in dispute in the action is the aggregate prayed for, and not the amount of each cause of action." Spokane Valley L. & W. Co. v. Kootenai County, Idaho (D. C.) 199 F. 481, at page 487.

"This case is now before me on a demurrer to the declaration and a motion to dismiss. The question raised both by the demurrer and motion is one of jurisdiction of this court. The declaration contains three counts. The first is upon a promissory note of $875, of which there is about $900 now due; the other two counts are the usual common counts for money had and received, and work and labor done,—one charging that the sum of $875 is due for money had and received; and the other, that the sum of $875 is due for work and labor done. The declaration avers that the plaintiff is a citizen of the state of Ohio, and, as will be seen from the statement in regard to causes of action set out in each count, the aggregate of the sums alleged to be in controversy exceeds the sum of $2,000. It was urged in argument that the only right of action that the plaintiff had against the defendant is upon a promissory note mentioned in the first count, and that may prove to be so when the case comes to trial; but upon the face of this declaration, which we can only look at under this demurrer, there appear to be three causes of action, which, when aggregated, make more than the amount required to give jurisdiction. So that, upon the question of citizenship and amount, the declaration seems to me to show jurisdiction." Armstrong v. Ettlesohn (C. C.) 36 F. 209.

"The purpose of this restriction" on amount in controversy "was to prevent the dockets of the federal courts from being crowded with cases involving small amounts, and to save litigants, in such cases, from the increased expense incident to trials in the federal courts. In construing this restriction it has never been held that each separate promissory note or other chose in action sued on must exceed the statutory limitation, in order that jurisdiction of the suit might exist. On the contrary, under all the statutes,—from that of 1789 to the present time,—it has always been the rule that the aggregate of the choses in action sued on constituted the amount in controversy, within the meaning of the statute, and, if this aggregate equaled or exceeded the statutory limit, then this requirement of the statute was met. Thus, if the present plaintiffs had brought suit on five promissory notes executed by the defendant, payable to plaintiffs, and each note being for the sum of $500, there could not be any possible question of the jurisdiction of this court over such a suit." Chase v. Sheldon Roller-Mills Co. (C. C.) 56 F. 625, at page 626.

Motion to dismiss the second cause of action is denied.