CIRCUIT COURT OF CAMPBELL COUNTY

William David Clark

  v.

Janet F. Early, Admr., C.T.A.,
of the Estate of
Timmie William Haley, deceased

June 17, 1982

Case No. L-4608-B

By JUDGE J. SAMUEL JOHNSTON, JR.

I have studied the submitted memoranda and read the cases relied upon by each side and am of the following opinion.

We all seem to be in agreement that the issue before me has never been decided, or at least reported, by our Supreme Court. Thus, I must necessarily look to decisions of sister states for guidance while also considering applicable Virginia statutes and Virginia cases which involved statutes of limitation.

I believe that it is the policy of our Supreme Court, and thus the policy of our Circuit Courts, to give liberal construction to questions involving statutes of limitation. We want to encourage resolution of controversies on their merits and not technicalities. At the same time, statutes of limitation were enacted to ensure the prompt resolution of suits and must be followed even where harsh results obtain, such as the prevention of litigation of cases on their merits.

One issue can be resolved at the outset. I do not believe that the order entered by Judge W. W. Sweeney, dated March 24, 1982, relates back to the commencement of the action so as to avoid the bar of the statute. The action must have been properly filed on September 14, 1981, or it is barred by the statute of limitation.

Since we had a hearing on defendant's motion or plea of the statute and fully discussed the cited cases, I will not repeat the same here. Cases which support defendant's position are Thompson v. Peck, 181 A. 597 (Supreme Court of Pennsylvania, 1935), Vinson v. Richmond Police Department, 567 F.2d 263 (4th Cir. 1977), Mercer v. Morgan, 526 P.2d 1304 (Court of Appeals of New Mexico, 1974), and Bernhart v. Shultz, 372 N.E.2d 589 (Supreme Court of Ohio, 1978). Defendant's memoranda cite other cases and treatises in support of its position as well. While plaintiff cites several cases and treatises in support of its position, the two cases which, in my opinion, lend the greatest support of its position are McDaniel v. North Carolina Pulp Co., 198 Va. 612, 95 S.E.2d 201 (1956), and Lehl v. Strong Mercantile Co., et al., 259 Pacific Reporter 512 (Sup. Ct. Col. 1927). After reading the memoranda and cases, I believe that both sides have amply and ably presented and argued their respective positions.

In the final analysis, I believe my decision is governed by the applicable statutory law. There can be no doubt that the death of a party does not in and of itself extinguish a cause of action either in law or in equity. § 8.01-25 of the Code of Virginia, 1950, as amended. Cf. § 64.1-145 of the Code of Virginia. Further, § 8.01-229 of the Code of Virginia sets forth the procedures one must follow in order to pursue an action on behalf of or against a deceased person when the cause of action arose prior to the death of the party or parties. It is my opinion that § 8.01-229(B)(2) sets forth the only remedy available to plaintiff to pursue his cause of action. The General Assembly enacted § 8.01-229 to cover just such a fact situation that we have in the extant case, and I believe its terms are mandatory and not permissive as

plaintiff argues. Thus, I am, in effect, ruling that a plaintiff has no right to sue a dead person and by doing so, he has not invoked the jurisdiction of this court, to-wit, the action filed on September 14, 1981, is a nullity. The cases of Rennolds et al. v. Williams, 147 Va. 196 (1927), and Williams' Admr. v. Dean, 144 Va. 831 (1925), cited by the defendant in his memorandum dated June 11, 1982, support his finding. While those cases dealt with decedents and petitions for writs of error, the language is unequivocal and mandates the conclusion that the extant case is barred and must be stricken from the docket.

This is not a matter of merely substituting parties or amending pleadings. The action brought on September 14, 1981, could not have been served, there was no one to respond to the allegations, and no judgment could be entered by this court as there was no justiciable issue to be litigated between two parties before the court. See Rockwell v. Allman, Admr., 211 Va. 560 (1971). While the allegations of the motion for judgment would be the same against the administratrix, the cause of action is a new cause of action in that plaintiff is now attempting to recover against a person capable of being sued whereas, in my opinion, a deceased person does not exist and is incapable of being sued.

I recognize the harsh result of this ruling but feel that it is mandated by the law in Virginia regarding suits by or against deceased persons, and in view of § 8.01-229(B)(2), plaintiff has failed to bring his cause of action within the statutory period and is thereby barred from pursuing his claim.