# CIRCUIT COURT OF MONTGOMERY COUNTY

Eunice G. Radford, Administratrix
of the Estate of William Arthur Radford,
Deceased

v.

S. Dutton Olinger,
Personal Representative for the
Estate of Frank Chapasco

April 15, 1983

By JUDGE KENNETH I. DEVORE

On March 22, 1983, came the defendant in this action, by counsel, upon a special appearance on his Motions to Quash Process and to Dismiss this Action, and came also the plaintiff, by her attorneys, having been set for hearing of the Motion to Quash Process and the Motion to Dismiss filed by the defendant.

After hearing the arguments of counsel and examining the papers in this file, the Court finds that an Order of the Court dated December 16, 1982, sought to appoint S. Dutton Olinger as personal representative of the estate of Frank Chapasco "to receive service of process in this matter in the Commonwealth of Virginia"; and that process was served upon the said S. Dutton Olinger; and at the time process was served upon the said S. Dutton Olinger he had not qualified in the Clerk's Office of this Court as personal representative of Frank Chapasco. However, the Court deferred its ruling on the Motion to Quash Process and proceeded to consider the grounds set forth in the Motion to Dismiss.

The Court, based upon the pleadings herein filed, the returns of process, the evidence submitted to the Court, and the statements of counsel relative to pertinent facts bearing upon the issues, doth find the following facts:

1. The action originally instituted by Eunice G. Radford, as Administrator of the Estate of William Arthur Radford, was filed in the Clerk's Office of the Circuit Court of Montgomery County, Virginia, on March 15, 1982, against Frank Chapasco, P. O. Box 1044, Princeton, West Virginia, claiming damages against Frank Chapasco for the alleged wrongful death of William Arthur Radford from an automobile-pedestrian accident which occurred in Montgomery County, Virginia, on October 22, 1980. The death of William Arthur Radford is alleged to have occurred on October 23, 1980, as a result of the accident, in which Frank Chapasco was alleged to be the operator of the vehicle involved.

2. Eunice G. Radford, at the time the suit was filed, had properly qualified as Administrator of the Estate of William Arthur Radford.

3. An affidavit for service of process on the Secretary of the Commonwealth, by reason of the non-residence of Frank Chapasco, was filed April 19, 1982, in the Clerk's Office of this Court, and the Notice of Motion for Judgment, and summons, was issued by the Clerk of this Court on April 20, 1982.

4. Process was served on the Secretary of the Commonwealth as statutory agent for Frank Chapasco, a non-resident motor vehicle operator, on April 26, 1982, and, according to the return of the Secretary of the Commonwealth, the suit papers were forwarded to "Frank Chapasco, P. O. Box 1044, Princeton, West Virginia, on April 26, 1982." The return of the Secretary of the Commonwealth was filed in the Clerk's Office of this Court on May 6, 1982.

5. Based upon a duplicate of his death certificate, Frank Chapasco died on December 17, 1980, and was therefore deceased at the time suit was filed and service of process attempted.

6. No Administrator, Executor or Personal Representative had been appointed for the Estate of Frank Chapasco when the original suit was filed or when process was served on the original suit.

7. On or about May 18, 1982, having learned of Frank Chapasco's death before suit was filed, present counsel for defendant Olinger so advised counsel for plaintiff, orally and by letter dated May 18, 1982, a duplicate of which was tendered to the Court by John W. L. Craig, II, one of plaintiff's attorneys, and received as Exhibit "A". Exhibit "A" advised plaintiff's attorneys that Frank Chapasco had died in December 1981.

8. On or about May 26, 1982, present counsel for defendant Olinger wrote and mailed to one of the attorneys for plaintiff a letter advising that Frank Chapasco had died December 17, 1980, rather than December 1981, which letter was tendered by defense counsel and received by the Court as Exhibit "B".

9. Between May 26, 1982, and October 22, 1982, and/or October 23, 1982 (the first date being two years after the date of the accident upon which the action was based, and the second being two years after the date of the death of plaintiff's decedent), no action was taken by plaintiff to have a personal representative for the Estate of Frank Chapasco legally appointed in Virginia, nor to amend the action to name a living defendant, nor to obtain proper service of process on any personal representative of the Estate of Frank Chapasco, or the Estate of Frank Chapasco, either in Virginia or in the former State of residence of Frank Chapasco. Further, nothing was done along the preceding lines until December 16, 1982.

10. On or about December 16, 1982, without notice, the plaintiff, by her attorneys John W. L.

Craig, II and R. Keith Neely, represented to the Court that Frank Chapasco was deceased and had been deceased since December 17, 1980, and that there was no personal representative "at present" in the State of West Virginia to accept service of process, and requested that the Court appoint S. Dutton Olinger as personal representative in the Commonwealth of Virginia for the purpose of accepting service for the deceased, Frank Chapasco, formerly a resident of Princeton, West Virginia, and further moved the Court for leave to amend the Motion for Judgment to reflect the appointment of the aforementioned personal representative in the Commonwealth of Virginia, as a result of which the Court entered its Order dated December 16, 1982, wherein S. Dutton Olinger was appointed "personal representative to receive service of process in this matter in the Commonwealth of Virginia," and further providing that "the plaintiff herein shall be given leave to amend his (sic) Motion for Judgment to reflect the appointment of the aforementioned personal representative in the Commonwealth of Virginia."

11. On December 15, 1982, according to the certification of John W. L. Craig, II, an attorney for plaintiff, a copy of the Amended Motion for Judgment authorized by Order entered one day thereafter was mailed to the last known address of Frank Chapasco, who was then no longer living, at P. O. Box 1044, Princeton, West Virginia. (The certification was signed by John W. L. Craig, II and R. Keith Neely, both of whom represent the plaintiff as counsel.) The Amended Motion for Judgment was filed with the Clerk of this Court on December 15, 1982.

12. On December 17, 1982, the Amended Motion for Judgment was served on S. Dutton Olinger as personal representative of Frank Chapasco, he having been appointed by the Court's Order of December 16, 1982. S. Dutton Olinger had not qualified as such in the Office of the Clerk of the Circuit Court of Montgomery County when process was served, nor has he qualified as such in said Clerk's Office as of the date of this hearing.

13. The Amended Motion for Judgment was delivered to present counsel for defendant Olinger on January 7, 1983, and defendant Olinger learned of the Order entered by the Court on December 16, 1982, which purported to appoint him as personal representative of Frank Chapasco, on January 6, 1983, although process was served on him December 17, 1982.

14. At the time present counsel for defendant Olinger filed the Motion to Quash Process, the Order of December 16, 1982, had been misplaced in the Clerk's Office of this Court, but the same has been subsequently located and properly filed with the other papers in the Court file.

Based upon all of the foregoing, and having heard and considered the arguments of counsel, the Court is of the opinion that the Court's Order of December 16, 1982, granting leave to amend the Motion for Judgment "to reflect the appointment of the aforementioned personal representative in the Commonwealth of Virginia" did not relate the case back to the date of the original filing of this action so as to give the Court jurisdiction as of that time; that the action must have been properly filed on the date it was originally commenced to avoid the bar of the Statute of Limitations; that the provisions of Section 8.01-229(B)(2) of the Code of Virginia, 1950, as amended, were and are mandatory and not permissive, as related to an action against a dead person when the cause of action arose prior to his death and before the expiration of the limitation period for commencement thereof; that the plaintiff had no right to sue a dead person and, by doing so, the plaintiff did not properly invoke the jurisdiction of the Court; that this case is not one in which parties are merely sought to be substituted nor involving a simple amendment of pleadings; that the action as originally instituted could not have been served (the named defendant being no longer in existence), there was no living person served who could respond to the allegations, no judgment could have been entered by the Court, as there was no justiciable issue to be litigated between two parties in being properly before the

Court; that the deceased Frank Chapasco did not exist and was incapable of being sued when the original action was instituted; that, therefore, the initial action filed on March 15, 1982, (as to which notice of Motion for Judgment was issued April 20, 1982) was a nullity; that plaintiff was made fully aware of the facts relative to the death of Frank Chapasco before the expiration of the period of limitation for commencement of the action within which the same could have been properly instituted; that the period of limitations was not tolled by the filing of the original suit, such filing having been a nullity; that, even assuming S. Dutton Olinger was properly appointed and qualified as personal representative of Frank Chapasco as a result of the Court's Order of December 16, 1982, the filing of the "Amended Motion for Judgment" on that date was and is the first date of filing of a suit against a person capable of being sued for the matters and things involved and stated in the Original and/or Amended Motion for Judgment; that the cause of action arose in October, 1980, more than two years prior to the filing of the Amended Motion for Judgment; and that the plaintiff has failed to bring her action within the statutory period and is thereby barred from pursuing her claim.

Accordingly, the Court doth sustain the Motion to Dismiss, and doth adjudge and order that this action be, and the same is hereby, dismissed and stricken from the docket of this Court.