**CIRCUIT COURT OF FAIRFAX COUNTY**

Winifred Geneva White

    v.

James Timothy Martin,
Edward Francis O'Donnell,
and Clifton Hugh Lane

November 9, 1988

Case No. (Law) 85518

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on (1) the plaintiff's motions for substitution of parties and for amendment of the motion for judgment and (2) the defendant's motion to dismiss. These motions were heard by this Court on August 26, 1988. The Court is of the opinion that the two year statute of limitations for personal injury bars this action against Carrie Elizabeth Lane, and, therefore, grants the defendant's motion to dismiss and denies the motions to amend the motion for judgment and to substitute parties.

The facts of this case show that on July 3, 1986, the plaintiff (Winifred Geneva White) was involved in a car accident with the defendants, Clifton Hugh Lane, James Timothy Martin, and Edward Francis O'Donnell. It also appears that Ms. White sustained physical injuries on said date (July 3, 1986) as a result of the accident.

On May 15, 1987, defendant, Clifton Hugh Lane, died and subsequently (May 26, 1987) Carrie Elizabeth Lane was appointed as the executor of his estate. On June 29, 1988, a motion for judgment was filed against the deceased

(Clifton Hugh Lane), James Timothy Martin, and Edward Francis O'Donnell.

Plaintiff alleges that she was entitled as of August 26, 1988, to substitute the defendant's executor in lieu of the decedent as a party to this action. In addition, plaintiff wished to amend the motion for judgment to reflect this substitution.

It is clear to this Court that a motion for judgment was filed on June 29, 1988, only a few days before the two-year statute of limitations would have barred this personal injury claim. Va. Code § 8.01-243(A). It is also clear that the action was filed against two co-defendants and a dead person (Clifton Hugh Lane). Although there does not appear to be any Supreme Court cases which state that a suit filed against a deceased does not toll the statute of limitations against the executor of the estate, "[i]t is a fundamental principal that all suits must be instituted by and *prosecuted against* living persons either in a personal or representative capacity." *Booth v. Dotson*, 93 Va. 233, 235, 24 S.E. 935 (1896); *see also Williams Adm'r v. Dean*, 144 Va. 831, 131 S.E. 1 (1925); Burks Pleading and Practice § 53 (T. Boyd and W. Koontz, 4th ed. 1952). It is imperative that actions be prosecuted against living parties as the Court needs to obtain personal jurisdiction over each defendant. When a defendant has died before the institution of the suit he has "passed beyond the jurisdiction of the court." *Rennolds and Others v. Williams*, 147 Va. 196, 198, 136 S.E. 597 (1927). In addition, service may never be made upon the decedent (*Radford v. Olinger*, 1 Va. Cir. 329 (1983)), and the rendering of a judgment would be futile as it could not be enforced against the deceased defendant personally. *Rennolds and Others v. Williams*, 147 Va. at 198.

Based on the aforementioned case law, the Court is of the opinion that the net effect of the motion for judgment filed on June 29, 1988, was simply the filing of an action against James Timothy Martin and Edward Francis O'Donnell. Thus, for the purposes of Rule 3:3 of the Virginia Supreme Court Rules, the action was commenced and the two-year statute of limitations was tolled as to those two defendants only. The filing of the action was void as to the decedent as there can be no action prosecuted against a dead person in Virginia. Thus, the

two-year statute of limitations was not tolled as to the deceased (Lane) on June 29, 1988, when the motion for judgment was filed against all three defendants.

Efforts to "substitute" the executor for the deceased defendant on August 26, 1988, should not be considered a "substitution" *per se* as there was never an action recognizable in Virginia filed against the decedent on June 29, 1988. *See Radford v. Olinger*, at 333. Therefore, the executor should be considered a new party to the suit, and "the suit must be deemed to have been commenced as to him at the time he was so brought in." *Webb v. United States Fidelity etc. Co.*, 165 Va. 388, 182 S.E. 557 (1935). August 26, 1988, the date of motion for substitution of parties, would be the date on which the suit was commenced as to Carrie Elizabeth Lane (executor). Because this date is more than two years from the date the cause of action accrued, July 3, 1986, the action is barred by the two-year statute of limitations for personal injury unless the revival provisions of § 8.01-229 save this action.

It is this Court's opinion that § 8.01-229(B)(2) in no way saves this cause of action. Furthermore, other Circuit Courts of this Commonwealth have held that Section 8.01-229(B)(2) mandates the steps to be followed in factual situations found in the case at bar. It is their opinion that when a defendant has died prior to the filing of the action and the appropriate statute of limitations has not run, the only means for the plaintiff to obtain relief is to file against the personal representative of said defendant. *Clark v. Early*, 1 Va. Cir. 268 (1982); *Radford v. Olinger*, 1 Va. Cir. 329 (1983). By filing against a deceased party, the plaintiff does not invoke the jurisdiction of the Court, and the initial filing is a nullity which does not toll the statute of limitations. *Clark v. Early* at 270; *Radford v. Olinger* at 333-34. As applied to the facts of this case and as stated earlier, the June 29, 1988, filing against the deceased was a nullity.

Based on the facts of this case, the August 26, 1988, attempt to commence an action against the estate is barred as being filed after the expiration of the two-year personal injury statute of limitation and after one year of the qualification of the personal representative.

42

For the above reasons, the Court grants the defendant's motion to dismiss and denies the plaintiff's motions to substitute parties and to amend the motion for judgment.