# CIRCUIT COURT OF THE CITY OF RICHMOND

Mary J. Briggs

    v.

Barbara J. Moring, etc.

August 17, 1990

Case No. LM-1399-3

By JUDGE T. J. MARKOW

This case is before the court on defendant's special plea of the statute of limitations.

The motion for judgment alleges that plaintiff was injured in an automobile collision on May 13, 1986. It was filed on May 11, 1988. Service of process was deferred at plaintiff's request and was not attempted until her request on March 1, 1989.

The named defendant, the driver of the automobile alleged to be negligent, Wendell A. Jenkins, Sr., died on January 9, 1987. An executor for his estate qualified on January 22, 1987.

The return of service of March 8, 1989, reflected Jenkins' death. On April 24, 1989, the court granted plaintiff's motion to substitute the executrix for Jenkins's estate.

Plaintiff argues that the substitution allowed the correction of a misnomer and related back to the original filing, thereby avoiding the running of the statute of limitations. Defendant argues that the original filing was a nullity and consequently failed to toll the statute of limitations. The court agrees with the defendant.

The plaintiff's cause of action against Jenkins accrued when she was injured on May 13, 1986. Va. Code Ann. § 8.01-230. She was required to bring her action within two years or before May 13, 1988 (Va. Code Ann. Section 8.01-243(A)), or within one year after the qualification of Jenkins's executor; *i.e.*, before January 22, 1988, if that was more than two years (Va. Code Ann. Section 8.01-229(B)(2)).

Obviously, the filing of a valid action stops the running of the statute of limitations. The issue then is whether the suit filed against Jenkins after he had died can be considered an action.

It is fundamental that in order for there to be a valid action, "There must be such parties to the record as can be affected by the judgment and from whom obedience can be compelled . . . ." 14A Michie's Jurisprudence, *Parties*, § 2. It goes without saying, one cannot affect by judgment or compel obedience from a dead person. Therefore, causes of action arising from conduct of a person who has since become incapable of defending because of death or disability must be asserted against his successor in interest. Supreme Court of Virginia Rule 3:15. As contrasted with common law, such causes of action survive in favor of, or against, the decedent, Va. Code Ann. Section 8.01-25, but must be asserted against his estate.

A decedent and the executor of his estate cannot be and are not the same entity. Therefore, suit against the dead person cannot be suit against the executor. Consequently, one cannot be substituted for the other under the concept of correcting a misnomer. *See Rockwell v. Allman*, 211 Va. 560 (1971), where the court stated, "A misnomer is a mistake in name, but not person." *Id.* at 561. As in *Rockwell*, "Here the wrong person was named and it cannot be corrected . . . by labelling it a misnomer."

The precise issue has never been addressed by the Supreme Court of Virginia. It has been addressed by the Circuit Court of Campbell County with the same result as reached here based upon reasoning and authority which this court finds persuasive. *See, Clark v. Early*, 1 Va. Cir. 268 (1982).

While not precisely on point, the Supreme Court of Virginia has dealt with a similar issue with the same conclusions. In *Rennolds, et al. v. Williams*, 147 Va. 196

(1927), the court held that suits must be prosecuted by and against living parties. There, a plaintiff obtained judgment against the defendants who appealed. Subsequent to the filing of the petition for a writ of error but before the awarding of the writ, the plaintiff died. The writ was required to be issued within six months of judgment but when issued the plaintiff had died and his personal representative had not qualified. After qualification, the personal representative moved to dismiss the writ as being improvidently granted. The Supreme Court sustained the motion holding that a writ issued against a dead person was a nullity.

This rationale is applicable here and leads to the conclusion that the suit when filed naming the decedent as defendant was a nullity, as there was no entity in being to serve as the defendant. Inasmuch as it was a nullity, it could have no affect on the running of the statute of limitations. Consequently, the statute of limitations barred further actions after May 13, 1988. The amendment permitted on April 24, 1989, was not a correction of misnomer which related back to the initial filing.

The court will sustain the special plea.