## CIRCUIT COURT OF THE CITY OF WINCHESTER

Bozitar Janakiev et al.

v.

Floyd Archer Robertson, III

December 12, 1991

Case No. 91-130

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on October 17, 1991, on the demurrer and special plea of the statute of limitations of the Defendant and the motion to amend the motion for judgment of the Plaintiff. The parties appeared by their counsel. Upon consideration of the argument of counsel and the memoranda of law filed by them, the Court makes the following [findings and rulings].

### I. *Findings of Fact*

Mario Janakiev died on February 9, 1989. Plaintiffs, Bozitar and Marguerite Janakiev, are the parents of the decedent, Mario Janakiev, and his statutory beneficiaries under the Wrongful Death Act.

On February 6, 1991, counsel for Bozitar and Marguerite Janakiev sent by certified mail a notice of malpractice claim to Floyd Archer Robertson, Kingson Pharmacy, 625 Berryville Avenue, Winchester, Virginia 22601.

On June 6, 1991, the Plaintiffs filed their motion for judgment against Floyd Archer Robertson, III, in this case.

On August 15, 1991, Bozitar and Marguerite Janakiev qualified as administrators of the estate of Mario Janakiev.

### II. *Conclusions of Law*

Notice given to a health care provider pursuant to Va. Code § 8.01-581.2 is given when delivered or mailed by registered or certified mail. This notice suspends the running of the statute of limitations for 120 days.

This is a notice statute, and notice is not filing of a claim. *Horne v. Abernathy*, 231 Va. 228, 232, 343 S.E.2d 318 (1986). *See also, Gonzalas v. Fairfax Hospital System*, 239 Va. 307, 398 S.E.2d 458 (1989). The letter of February 6, 1991, was in substantial compliance with the notice of claim provisions of Va. Code § 8.01-581.2 and therefore tolled the statute of limitations for a period of 120 days.

In Virginia an action by a dead person without the appointment of a personal representative is a nullity. *Briggs v. Moring*, 20 Va. Cir. 441 (Richmond 1990). *See also, White v. Martin*, 17 Va. Cir. 39 (Fairfax 1988); *Clark v. Early*, 1 Va. Cir. 268 (Campbell 1982); and *Strawderman v. Funkhouser*, Law No. 1490 (Shenandoah Cir. Ct. 1989). The Virginia Supreme Court has not decided this precise question, and there is a split of authority on the issue. The courts in some states with wrongful death statutes similar to Virginia's have refused to allow plaintiffs to undermine the statute of limitations by amendment where an administrator was not initially appointed and the statute of limitations had expired before the action had been properly filed by the personal representative of the decedent. *Cockeroft v. Airco Alloys, Inc.*, 277 S.E.2d 587 (S.C. 1981); *Cofrancesco v. Smith*, 275 A.2d 608 (Conn. 1971); *Graves v. Wellborn*, 260 N.C. 688, 133 S.E.2d 761 (1963); *Maxson v. McElhinney*, 370 Pa. 622, 88 A.2d 747 (1952); *State ex rel. the Jewish Hosp. of St. Louis v. Buder*, 540 S.W.2d 100 (Mo. 1976); and *Goldberg v. Camp Mikan-Recro*, 42 N.Y.2d 8, 369 N.E.2d 1029 (1977). However, the courts in other jurisdictions confronted with the same question have permitted such amendment, even though the statute of limitations had run. *See, e.g., Tillinghast v. Maggs*, 111 A.2d 713 (R.I. 1955); *Douglas v. Daniels Bros. Coal Co.*, 22 N.E.2d 195 (Ohio 1939); and *Blackwell v. Duling*, 64 P.2d 712 (Okla. 1937). *See generally*, 59 Am. Jur. 2d, *Parties*, § 180.

A wrongful death action in Virginia is purely statutory as noted by the Supreme Court of Virginia in *Wilson v. Whittaker*, 207 Va. 1032, 1036, 154 S.E.2d 124 (1967): "A new right of action [wrongful death action] is given decedent's personal representative only through the grace of legislative enactment." This statutory right of action is limited by the statute creating the right, and Va. Code § 8.01-50(B) clearly states: "[e]very such action under this section shall be brought by and in the name of the personal representative of such deceased person within the time limit specified in § 8.01-244," which provides that "[e]very action under § 8.01-50 shall be brought by the personal representative of the decedent within two years after the death of the injured person." The pure statutory

nature of the wrongful death action was reiterated in *Horne v. Abernathy*, 231 Va. 228, 237 (1986): "a wrongful death action is a right of action to enforce a cause of action, both created by statute in derogation of the common law. [Citations omitted.] Code § 8.01-50(B) vests the right of action in the decedent's personal representative."

While the Virginia Supreme Court has not considered this precise question, it has viewed with disapproval attempts to circumvent the statute of limitations through amendment of the initial pleading. In *Chesapeake House v. Va. National Bank*, 231 Va. 440, 442, 344 S.E.2d 913 (1986), the rule is clearly stated:

> [L]eave to amend should be liberally granted in furtherance of the ends of justice . . . even an amendment substituting a new plaintiff or defendant may be granted if the substituted party bears a real relation of interest to the original party and no new cause of action is introduced . . . . [H]owever, *the foregoing rule has always been subject to the limitation that a new plaintiff may not be substituted for an original plaintiff who lacked standing to bring suit* . . . . [Emphasis added.]

"Standing in the state courts is a judge-made doctrine and is used to refuse to determine the merits of a legal controversy irrespective of its correctness where the party advancing it is not properly situated to prosecute the action. When standing is put in issue, the question is whether the person whose standing is challenged is a proper person to request an adjudication of the issue and not whether the controversy is otherwise justiciable . . . ."ᐧ59 Am. Jur. 2d, *Parties*, § 30. By statute in Virginia, only the personal representative has standing to file a wrongful death action. *See, Goff's Adm'r v. Norfolk & W. R. Co.*, 36 F. 299 (W.D. Va. 1888) (applying Virginia law).

The substitution of the administrator cannot be done on the basis of a misnomer. *Rockwell v. Allman, Admr.*, 211 Va. 560, 179 S.E.2d 471 (1971). Nor is this case like *McDaniel v. Carolina Pulp Co.*, 198 Va. 612, 95 S.E.2d 201 (1956), where it was held that the statute of limitations was tolled by a wrongful death action filed by a nonresident administrator who, although he had standing, lacked the legal capacity to maintain the action in Virginia. The decedent's statutory beneficiaries in this case have neither the capacity nor the standing to maintain a wrongful death act in their individual capacity.

### III. *Decision*

For the foregoing reasons:

1. The plea of the statute of limitations and demurrer are sustained.

2. The motion for leave to file an amended motion for judgment is denied in that the instant proceeding is a nullity.