## LOIS HORN, ADMINISTRATRIX, ETC.

### V.

## DR. ROBERT A. ABERNATHY, ET AL.

Record No. 821900

April 25, 1986

Present: All the Justices

*Roger W. Mullins (James R. Henderson, IV; Mullins & Mullins*, on briefs), for appellant.

*Wm. W. Eskridge; George W. Wooten; John T. Jessee (Gary E. Tegenkamp; Richard E. B. Foster; William B. Poff; Penn, Stuart, Eskridge & Jones; Woodward, Fox, Wooten & Hart; Woods, Rogers, Muse, Walker & Thornton*, on briefs), for appellees.

POFF, J., delivered the opinion of the Court.

This is a plaintiff's appeal from a judgment sustaining pleas of the statute of limitations. Invoking Code § 8.01-50, the plaintiff claimed compensatory and punitive damages for death by wrongful act. The wrongful act alleged was medical malpractice, and we must construe the Medical Malpractice Act, Code §§ 8.01-581.1 *et seq.* (the Act), as applied to the chronology of events disclosed by this record.

Eileen Mays, a patient in Clinch Valley Community Hospital, died there on August 19, 1978. By letter dated August 8, 1980 and mailed by certified mail on August 9, Palmer Mays, her husband and personal representative, gave notice of claim pursuant to the Act to the hospital and others he named as health care providers. By letter addressed to the Chief Justice of this Court, dated October 8, 1980 and mailed by first class mail on October 9, the hospital filed a request for review by a medical malpractice review panel. The hospital stated that a copy of its letter had been dispatched by certified mail to Palmer Mays on October 8. None of the other providers named in the notice of claim filed a request for a panel.

In a letter dated October 20, 1980, the Executive Secretary of this Court advised the hospital that its request was filed "outside the sixty-day statute period allowed for filing requests" and that "no authority exists now for the designation of a panel."

Counsel for the decedent's estate learned about this in a telephone conversation with an opposing attorney on December 31, 1980 and, by letter dated January 5, 1981, asked the Executive Secretary for clarification. Confirming the denial in his letter of January 15, the Executive Secretary enclosed a copy of his letter of October 20, 1980 to the hospital. In a later letter, he explained that the hospital's request for a panel had been mailed by first

class mail on October 9 and, because it had not been posted by registered or certified mail and not delivered until October 10, "the request was not filed within the required sixty-day period."

Suit was filed on February 19, 1981. Palmer Mays had died December 3, 1980, and Lois Horn, the Mays' daughter, qualified as personal representative of the estates of both parents. The motion for judgment was filed in her name as plaintiff against the hospital and the other health care providers listed in the margin.[1] By final judgment incorporating a letter opinion, the trial court sustained the defendants' pleas of the statute of limitations and dismissed the motion for judgment with prejudice.

Code § 8.01-244(B) provides that a wrongful death action "shall be brought . . . within two years after the death of the injured person." However, when such an action is premised upon a claim of medical malpractice, the Medical Malpractice Act controls certain rights and obligations of the parties.

Under Code § 8.01-581.2 (Repl. Vol. 1977), a claimant has no right to bring such an action unless he gives the health care provider written notice of his claim. Thereafter, either the claimant or the provider has the right within 60 days to file a written request for a review by a medical malpractice review panel.

> The request for review shall be mailed to the Chief Justice of the Supreme Court of Virginia. No actions based on alleged malpractice shall be brought within ninety days of the notification by the claimant to the health care provider and if a panel is requested within the period of review by the medical review panel.

*Id.* "The notice of a claim . . . or the request . . . shall be deemed to be given when delivered or mailed by registered or certified mail to the appropriate claimant or health care provider at his office, residence or last known address." Code § 8.01-581.9 (Repl. Vol. 1977).

The Act also modifies the running of the statute of limitations applicable to all actions claiming damages for injuries or death alleged to result from medical malpractice. Code § 8.01-

---

[1] Dr. Robert A. Abernathy, Clinch Valley Physicians, Inc., Dr. Kenneth E. Anselmi, Humana of Virginia, Inc., Humana Management Systems, Inc., American Medicorp, Inc., Charles Boys, and Alice Steele.

581.9 (Repl. Vol. 1977) provides that "[t]he giving of notice of a claim pursuant to § 8.01-581.2 shall toll the applicable statute of limitations for and including a period of one hundred twenty days following the notice to the health care provider as specified in § 8.01-581.2, or sixty days following issuance of any opinion by the medical review panel, whichever is later." *Id.*

On appeal, plaintiff Horn contends that the hospital's request for a medical malpractice review panel was "properly and timely filed" and that "denial of the request was erroneous". Plaintiff mailed the notice of claim on August 9, 1980. Code § 8.01-581.2 (Repl. Vol. 1977) allows health care providers 60 days from that date within which to "file a written request" for a panel. Notice of such a request "shall be deemed to be given when . . . mailed by registered or certified mail to the . . . claimant". Code § 8.01-581.9 (Repl. Vol. 1977). Horn argued at bar that the date on which the hospital gave Palmer Mays notice of its request was October 8, 1980, the sixtieth day following the giving of notice of claim, and that the Chief Justice should have granted the request and, thus, tolled the statute of limitations.

■ It is true that, in its letter of request addressed to the Chief Justice, the hospital stated that a copy of its letter had been mailed by certified mail to the plaintiff on October 8. The parties stipulated for the record, however, that the "Post Office cancellation stamp" on the "REQUEST FOR PANEL" was dated "October 9, 1980", the sixty-first day following the mailing of the notice of claim. The envelope containing the copy of the hospital's letter mailed to the plaintiff does not appear in the record. Absent proof of the date of cancellation, we must construe the stipulation to apply to the mailing of both the original and the copy of the request for a panel.

Moreover, Horn overlooks the distinction the Act makes between the giving of notice of a request for a panel and the filing of such a request. The Act requires each party to give the other written notice of its action, and under Code § 8.01-581.9 (Repl. Vol. 1977), such notice is deemed given when delivered or mailed by registered or certified mail. But the giving of notice to an adverse party is not a filing. Code § 8.01-581.2 (Repl. Vol. 1977) provides that the health care provider must "file a written request" which "shall be mailed to the Chief Justice of the Supreme Court of Virginia", and Rule Two(c) of the Medical Malpractice Rules explains that the request "shall be deemed to be filed when delivered

or mailed by registered or certified mail to the Chief Justice of the Supreme Court of Virginia".[2] Because the hospital's request was not mailed by registered or certified mail to the Chief Justice, it was not filed until it was delivered. It was not *delivered* until October 10, 1980 and, accordingly, was not *filed* until the sixty-second day following the giving of notice of the claim.

Next, Horn argues that "the request for a panel has never been denied by proper and lawful authority" and that "the request therefore remains pending and the statute remains tolled." The plaintiff bases this argument on the theory that the decision denying the request was not made or formally authorized by the Chief Justice. In our view, the argument and the theory upon which it rests are beside the point. The question is whether the filing was timely or untimely. That question is a question of fact, and the record demonstrates conclusively that the filing did not satisfy the time limitation imposed by the Act.

In a related argument, Horn urges us to hold that the hospital is "estopped to deny the timely filing of the request and the continuation of the tolling provisions." In its letter requesting a panel, the hospital stated that it had sent a copy to Palmer Mays by certified mail on October 8. Horn says that this was an express representation that a request had been filed within the 60-day period prescribed by statute and that the claimant was entitled to rely upon its verity. Horn also contends that the hospital "had a duty to inform the Claimant" when it received notice that the request for a panel had been denied. "Thus", she concludes, "there was both a representation and concealment which misled Claimant to her detriment."

There is no evidence that the hospital acted with fraudulent intent. Thus Horn's estoppel argument can only be construed as being premised upon an allegation of constructive fraud. We have previously held that constructive fraud will not toll the statute of limitations. In *Housing Authority v. Laburnum Corp.*, 195 Va. 827, 80 S.E.2d 574 (1954), we were required to interpret a statutory ancestor of Code § 8.01-229(D)(4) which provides that a de-

---

[2] We reject the plaintiff's contention that the provisions of the Rule "conflict with the provisions of the Act", in violation of Va. Const. art. VI, § 5. The authors of the Act expressly empowered the Chief Justice to promulgate rules necessary to carry out its provisions. Code § 8.01-581.11 (Repl. Vol. 1977). Rule Two(c) merely particularizes the mechanics of the filing requirements of Code §§ 8.01-581.2 and -581.9 (Repl. Vol. 1977).

fendant's obstruction of a plaintiff's cause of action tolls the statute of limitations. There we said:

> Constructive fraud is not such as will toll the running of the statute of limitations. The character of fraud necessary to toll the statute must be of a variety involving moral turpitude. A defendant must intend to conceal the discovery of the cause of action by trick or artifice and must have thus actually concealed it from the plaintiff in order for the exception to apply.

*Id.* at 840, 80 S.E.2d at 582. *Accord Hawks* v. *DeHart*, 206 Va. 810, 814, 146 S.E.2d 187, 190 (1966). *See also Culpeper N. Bank* v. *Tide. I. Co.*, 119 Va. 73, 83-84, 89 S.E. 118, 121 (1916); *Foster* v. *Rison*, 58 Va. (17 Gratt.) 321, 345 (1867). Applying a consistent line of precedent, we reject Horn's estoppel argument.

Horn next contends that it is unimportant whether the hospital's request was filed timely. Specifically, she states on brief that even if the hospital "did not properly 'file' [its] request with the Chief Justice under the medical malpractice rules, the statute *does not require* that a request . . . be timely [emphasis in original]". Code § 8.01-581.9 (Repl. Vol. 1977) provides that "[t]he giving of notice of a claim . . . shall toll the applicable statute of limitations for . . . one hundred twenty days . . . or sixty days following issuance of any opinion by the medical review panel, whichever is later." Code § 8.01-581.2 (Repl. Vol. 1977) forbids a claimant to file suit for 90 days following the giving of notice of the claim or "within the period of review by the medical review panel." Construing that language, Horn says that once the notice of claim is given and the request for a panel is mailed by certified mail to the claimant, "the tolling provisions apply until proper action is taken on the request with appropriate notice to the parties." Horn did not receive formal notice that the request had been denied until she received the January 15, 1981 letter. Horn insists that the 60-day tolling period applies, that it did not begin to run until January 15, and that her suit, filed February 19, was timely filed.

 This argument is twice flawed. First, if Horn's view were correct, the statute of limitations would be tolled in this case indefinitely. The 60-day tolling period is not triggered by action on the request as Horn suggests but by the issuance of an opinion by

the panel as the statute provides. As we have said, action on the request was proper. Because no opinion can issue from a non-existent panel, only the 120-day tolling provision in Code § 8.01-581.9 (Repl. Vol. 1977) is applicable to this case. In a recent decision, rendered since judgment was entered in the case at bar, we held that where "the claim was not reviewed by a panel . . . the sixty-day provision of Code § 8.01-581.9 is inapplicable." *Dye* v. *Staley*, 226 Va. 15, 18, 307 S.E.2d 237, 239 (1983).

The second flaw in the argument is that it presupposes that the Chief Justice was required to notify the claimant that the hospital's request was not timely filed. The Act in effect in 1980 and 1981 contained no such requirement. Horn relies on certain changes adopted by the General Assembly in 1982. Code § 8.01-581.2 was amended to require that "[n]otice of the determination of the Chief Justice on a request for review shall be given to counsel for both parties." Acts 1982, c. 151. By the same Act, the legislature amended Code § 8.01-581.9 to require that "notice of a determination . . . granting or denying a request shall toll the applicable statute of limitations for and including a period of sixty days following the giving of such notice." *Id.* As Horn points out, the 1982 Act further provided that these amendments "shall apply . . . without regard to the date the cause of action arose", *id.*, and Horn contends that they must be applied retrospectively to her case. We disagree. This amendment expressly stated that the retroactive mandate shall not apply "to the extent that any such cause of action was barred by the applicable statute of limitations prior to July 1, 1982." *See* Code § 1-16. Thus, whether Horn's action was time-barred before that date remains the controlling question.

Pursuing her complaint of lack of notice, Horn argues that "the Act is plainly unconstitutional as applied in this case" because "[d]ue process requires that a person be given reasonable notice and a reasonable opportunity to be heard . . . before any binding decree can affect his rights". The right to which she refers is her procedural right to prosecute a cause of action.

The Act itself gave plaintiff fair notice affecting the right to file suit. The August 9 notice of claim foreclosed that right for 90 days, *i.e.*, until November 7. But the running of the two-year statute of limitations, which otherwise would have expired on August 19, was suspended for 120 days effective August 9 with 10 days of the two-year period remaining; the statute of limitations resumed

running on December 7 and ended on December 17. *See Dye* v. *Staley*, 226 Va. 15, 307 S.E.2d 237(1983). Thus, plaintiff was on notice that the Act authorized suit to be filed any time after November 7 and before December 17. Yet, plaintiff allowed the right to expire.

Moreover, from October 9, the date the hospital requested a panel, until December 17, plaintiff could have inquired whether the request had been granted or denied. If granted, the right to sue would have been extended until the sixtieth day following the issuance of an opinion by the panel. If denied, the right to sue expired on December 17. Plaintiff made no inquiry until January 5, 1981 and waited until February 19, 1981 to file the motion for judgment.

A plaintiff bears the burden of filing suit within the time limits prescribed by law, and we find no constitutional infirmity in the Medical Malpractice Act as applied to the facts in this case.

In an alternative argument, Horn contends that "[e]ven if the applicable statute was not tolled under the provisions of the Medical Malpractice Act, it was tolled by the provisions of Code § 8.01-229.B." The provisions upon which she relies provide that death shall toll a statute of limitations as follows:

1. . . . If a person entitled to bring a personal action dies with no such action pending before the expiration of the limitation period for commencement thereof, then an action may be commenced by the decedent's personal representative before the expiration of the limitation period or within one year after his qualification as personal representative, whichever occurs later.

. . . .

6. . . . If there is an interval of more than one year between the death of any person in whose favor . . . a cause of action has accrued or shall subsequently accrue and the qualification of such person's personal representative, such personal representative shall, for the purposes of this chapter, be deemed to have qualified on the last day of such period of one year.

The plaintiff contends that Palmer Mays, Eileen Mays' original personal representative, was "a person entitled to bring a personal action" because, she says, a wrongful-death action is a personal

action within the intendment of these provisions; that Palmer Mays died testate on December 3, 1980 before expiration of the 120-day tolling period authorized by Code § 8.01-581.9 (Repl. Vol. 1977); and that his death tolled the two-year statute of limitations for a period of one year following qualification of Lois Horn as his personal representative which occurred on December 8, 1980. On January 20, 1981 while that one-year period was in effect, Lois Horn also qualified as administratrix *de bonis non* of the estate of Eileen Mays. This was "more than one year" following her death. Given this sequence of events, Horn maintains that the statute of limitations remained tolled until January 20, 1982 and that her February 19, 1981 motion for judgment was timely filed.

We do not agree. By way of preface, we disagree with Horn's interpretation of the term "personal action" as used in Code § 8.01-229(B). A wrongful death action is a *right of action* to enforce a *cause of action*, both created by statute in derogation of the common law. *Wilson* v. *Whittaker, Adm'r*, 207 Va. 1032, 1035-36, 154 S.E.2d 124, 127-28 (1967). *See also First Va. Bank-Colonial* v. *Baker*, 225 Va. 72, 81-82, 301 S.E.2d 8, 13-14 (1983). Code § 8.01-50(B) vests the right of action in the decedent's personal representative. The right of action, however, is not a right to enforce a cause of action personal to the personal representative. As the party-plaintiff, he is merely a surrogate for the beneficiaries of the cause of action named in Code § 8.01-53.

Code § 8.01-228 applies to every personal action "for which a limitation period is prescribed by law". The term "personal action" is defined as any action "wherein a judgment for money is sought, whether for damages to person or property." *Id.* Obviously, that definition applies, for example, to actions seeking damages for personal injuries when the victim is the party-plaintiff or when the victim's death results from a cause unrelated to the tort underlying the cause of action. In our view, however, it was never intended to apply to a right of action for death by wrongful act, and we conclude that such a right of action is not within the purview of Code § 8.01-229(B).

Moreover, Horn's argument is defeated by the express language of the very statute which imposes the time limitation upon her right of action. Code § 8.01-244 consists of two paragraphs:

A. *Notwithstanding the provisions of § 8.01-229 B*, if a person entitled to bring an action for personal injury dies as a result of such injury with no such action pending before the expiration of two years next after the cause of action shall have accrued, then an action under § 8.01-50 may be commenced within the time limits specified in subsection B of this section.

B. Every action under § 8.01-50 shall be brought by the personal representative of the decedent within two years after the death of the injured person. If any such action is brought within such period of two years after such person's death and for any cause abates or is dismissed without determining the merits of such action, the time such action is pending shall not be counted as any part of such period of two years and another action may be brought within the remaining period of such two years as if such former action had not been instituted. [Emphasis added].

Horn says that this statute must be construed so that the language in italics applies only to the first paragraph. We construe it otherwise. The two paragraphs are inextricably interrelated, one is the predicate for the other, and we hold that the tolling provisions of Code § 8.01-229(B) do not apply to the time limitation imposed by Code § 8.01-244.

Applying the provisions of the Medical Malpractice Act and the related statutes as we have construed them, we hold that the two-year statute of limitations expired on December 17, 1980 and, hence, that Horn's motion for judgment filed on February 19, 1981 was time-barred. Finding no error in the court below, we will affirm the judgment.

*Affirmed.*