## CIRCUIT COURT OF THE CITY OF NORFOLK

Medical Center Hospitals

v.

James C. Shaffer and
Cindy Shaffer

March 18, 1987

Case No. L 85-2128

By JUDGE JOHN W. WINSTON

Plaintiff's Motion to Dismiss the Counterclaim filed against it is sustained.

By way of his Counterclaim James C. Shaffer seeks to recover $10,000.00 money damages owed because "the Plaintiff negligently provided services to the Defendant wherein he was allowed to fall from his bed on or about October 28, 1984, land as a result incurred additional injuries, pain and suffering." This is clearly a medical malpractice claim and as such is subject to statutory limitations applicable to it.

A patient is precluded from filing a damage action in court asserting a medical malpractice claim until after he has notified the negligent health care provider in writing of the time of the malpractice including a reasonable description of the acts constituting it. Thereafter a written request for a panel review may be filed with the Supreme Court of Virginia within sixty days. By statute "No actions based on alleged malpractice shall be brought within ninety days of the notification by the claimant to the health care provider and if a panel is requested within the period of review by the medical review panel." Virginia Code § 8.01-581.2 as amended.

Shaffer thus cannot assert his medical malpractice action unless the statutory notice has first been given.

*Horn v. Abernathy*, 231 Va. 228, 231 (1986). And here it was not. The letter he wrote to M.C.H. on May 27, 1985, related to a balance due on his hospital bill and to why he did not owe it. He wrote: "I am being charged extra for brain scans and x-rays due to my failing out of bed when I was supposed to have supervision at all times." That is not the notice called for by the statute. Nor is the letter written to M.C.H. for Shaffer on July 9, 1985, by attorney Pulley sufficient notice. It only said that "Mr. Shaffer is considering a medical malpractice suit where he incurred additional charges, plus unwarranted pain and suffering."

It is also unreasonable to suggest that even though a principal claim of medical malpractice cannot be asserted in District Court without prior statutory notice, a counterclaim to the same effect can. The words "actions" and "suits" are interchangeable and "include all civil proceedings whether at law, in equity, or statutory in nature and whether in circuit courts or district courts." Virginia Code § 8.01-2. Clearly both principal claims, cross-claims, and counterclaims are included in such definitions and in all courts. *See also* Virginia Code § 8.01-281. To suggest that the medical malpractice notice requirement applies to actions initiated by the patient but not to counterclaims filed by him flies in the face of the statutory limitation.

That, of course, does not mean that Shaffer cannot continue to assert all his defenses to plaintiff's suit for medical expenses including his claim that such expenses resulted from improper acts or omissions of M.C.H. Nor does it mean that Shaffer cannot now separately pursue his medical malpractice claim by timely complying with the statutory requirements for those claims.