## CIRCUIT COURT OF THE CITY OF WINCHESTER

Mary E. Harter

    v.

Quade et al.

February 1, 1988

Case No. 87-L-119

By JUDGE PERRY W. SARVER

Set forth herein is my ruling concerning those issues raised at the hearing of this matter on November 19, 1987, and as contained in that order entered on January 25, 1988.

*Is plaintiff barred from prosecuting this action by her failure to comply with Rule 2(e) of the Medical Malpractice Rules of Practice?*

The plaintiff is not barred from prosecuting this action, although she did not strictly comply with Rule 2(e), and for those reasons set forth in the letter opinion of the Honorable Henry H. Whiting, dated December 31, 1985, rendered in the first suit brought in this court by plaintiff herein (but subsequently non-suited) under

the style of *Harter v. Quade*, at law number 84-L-48. While I agree with all of the reasons advanced by Judge Whiting in his opinion, I give particular emphasis to the conflict between Rule 2(e) and Code Section 8.01-581.2. The Rule, as counsel are well advised, sets forth different notice requirements when there are multiple parties, i.e., the notice of claim must name all health care providers and shall be filed with each of them.

The statute has no such requirement, and notification of each health care provider, individually or separately, is sufficient. Plaintiff has met this statutory requirement. There is good reason for this Rule 2(e), in that all potential defendants are advised in one notice as to the identity of all parties who may be defendants, and this perhaps could affect strategic decisions, particularly, decisions relating to the requesting of a panel, as argued by defendants herein. The purpose of Rule 2(e) is laudable and may well expedite the handling of the proceeding, but it is in conflict with Code Section 8.01-581.2 and thus is prohibited by the Constitution of Virginia, Art. VI, § 5.

While Art. VI, § 5, deals with the rule-making power of the Supreme Court and Code Section 8.01-581.11 delegates this rule-making authority to the chief justice in medical malpractice cases, I am of the opinion that Art. VI, Sect. 5, is equally applicable to Code Section 8.01-581.11. *See Turner v. Commonwealth*, 221 Va. 513, 273 S.E.2d 36 (1980), and *Dorn v. Dorn*, 222 Va. 288, 279 S.E.2d 393 (1981), for the application of Art. VI, § 5, with respect to conflicts between the Article and certain Rules of the Supreme Court.

The provisions of Rule 2(e) are more than a particularization of the mechanics of the giving of notice required by Code Section 8.01-581.11 and amount to an increase in the notice required. *See Horn v. Abernathy*, 231 Va. 228, 343 S.E.2d 318 (1986) at page 233, footnote 2, addressing the requirements of Code Section 8.01-581.2 but not setting forth any new or more stringent requirements.

*Is Plaintiff Barred From Seeking Recovery Under Those Allegations In Paragraphs Eleven, Eighteen, And Nineteen Of Her Motion For Judgment By Reason Of A Failure To Notify Defendant Quade Of Those Matters Pursuant To Code Section 8.01-581.2(A)?*

The Court is of the opinion that the notice given on February 16, 1984, was a sufficient compliance with Code Section 8.01-581.2(A) and gave defendant, Quade, adequate and proper notice of the basis of plaintiff's claim. It contained the time of the alleged malpractice and a reasonable description of the act or acts of malpractice. The Code Section does not require the same degree of particularization as is required in a motion for judgment.

I agree with the statement of the Honorable J. Harry Michael as contained in his memorandum opinion rendered on January 10, 1985, in *Boyd et al. v. Bulala* (In the United States District Court for the Western District of Virginia, Charlottesville Division) Civil Action No. 83-0557-A-C. Judge Michael stated that the notice requirements of Code Section 8.01-581.2 do "not require minutely detailed descriptions of the allegedly wrongful acts of the health care provider. One must recall that this notice is the *first* step in the complicated process of bringing forward a malpractice action."

Accordingly, the defendant Quade's plea in bar is denied.

*Should Plaintiff be Required to Reduce Her Ad Damnum Clause to the Statutory Ceiling Applicable at the Time in the Amount of Seven Hundred Fifty Thousand Dollars? Does Code Section 8.01-581.15 Permit Stacking?*

Defendants' motion to reduce the *ad damnum* clause is sustained. I recognize that there is existing controversy as to the constitutionality of Code Section 8.01-581.15, and the same controversy exists with similar statutes in other states of the fifty states. This is borne out to some degree by the cases that were furnished to me by Mr. Ronald D. Hodges, with his letter of December 31,

1987. I had previously requested Mr. Hodges to furnish me with copies of *Green v. Franklin*, ▮ with copies also to be forwarded to the other counsel in the case, because I did not have the necessary information and resources at hand to locate this case.

At this stage in the development of the law concerning a cap on medical malpractice claims, the great weight of authority is that caps are not unconstitutional, even without a *quid pro quo* as counsel know. The constitutional issues have been based primarily on equal protection and due process grounds, and apparently Judge Michael was the first to raise denial of the right to trial by jury as a further consideration. I would note also that caps in some of the other states are less restrictive than in Virginia, e.g. the California statute placing a cap on noneconomic losses, only.

As the various memoranda of counsel herein show, a strong majority of the trial courts in Virginia have upheld the constitutionality of this code Section 8.01-581.15. I am of the opinion that this statute is a valid exercise of the legislative power of the General Assembly and also uphold its constitutionality.

I further find that, after giving the words of the statute their plain meaning, the plaintiff is not permitted to stack her claim. This statute states that the amount recoverable for *any injury* is seven hundred fifty thousand dollars. Although there are several health care providers as parties defendant in this suit, there was only one injury complained of and alleged in the motion for judgment, therefore, plaintiff's right to recover shall not exceed the sum of seven hundred fifty thousand dollars, the amount recoverable at the time that this cause of action arose.