## CIRCUIT COURT OF FAIRFAX COUNTY

Mohammed Rahman

v.

Baikunth Singh

March 2, 1992

Case No. (Law) 103541

By Judge William G. Plummer

This matter came before the Court on Defendant Baikunth Singh's plea of the statute of limitations. Having heard arguments and reviewed Singh's memorandum of law, the Court overrules the plea of the statute of limitations.

Singh contends that the tolling provisions of the Medical Malpractice Act, Code §§ 8.01–581.1 et seq., are inapplicable to Plaintiff Mohammed Rahman's wrongful death action. Citing *Dodson v. Potomac Mack Sales & Service, Inc.*, 241 Va. 89, 400 S.E.2d 178 (1991), Singh stresses that a wrongful death action is a specific statutory creation, *see* Code § 8.01–244(B), and concludes that its specific limitations period and discreet tolling provisions prevail over the provisions of the Medical Malpractice Act.

As the present controversy involves interaction between two specific statutes, i.e., the wrongful death statute and the Medical Malpractice Act, the Court finds that the *Dodson* case does not support Singh's position. While Code § 8.01–244(B) provides that one must bring a wrongful death action within two years after the death of the injured person, where such an action is based upon a claim of medical malpractice, the Medical Malpractice Act controls certain rights and obligations of the parties. *Horn v. Abernathy*, 231 Va. 228, 343 S.E.2d 318 (1986).

In *Horn v. Abernathy*, the Court found that the Medical Malpractice Act tolled the two-year statute of limitations for a wrongful death claim. *Id.* at 235–36. Specifically, the Court found that Code

§ 8.01–581.9 suspended the two-year limitations period for 120 days from the date notice was given pursuant to Code § 8.01–581.2. *Id.* Accordingly, contrary to Singh's arguments, the two-year limitations period for a wrongful death claim is not unaffected by the Medical Malpractice Act.

Additionally, Singh cites *Morrison v. Bestler*, 239 Va. 166, 387 S.E.2d 753 (1991), for the proposition that Rahman could have filed suit prior to 90 days after giving notice of a medical malpractice claim. The *Morrison* decision, however, merely provides that premature filing under Code § 8.01–581.2 does not divest the Court of subject matter jurisdiction. *Id.* at 173. The Court expressly held that the 90-day wait is a mandatory procedural requirement under the Medical Malpractice Act. *Id.* Rahman could not simply ignore this statutory mandate as suggested by Singh.

For these reasons, the Court overrules Singh's plea of the statute of limitations.