## CIRCUIT COURT OF FAIRFAX COUNTY

Stinger

v.

Iskander

August 14, 1992

Case No. (Law) 104562

By Judge Thomas K. Middleton

This matter arises out of a wrongful death action and came before the court on defendants' Plea in Bar based on the statute of limitations and defendants' Motion for Summary Judgment.

On June 6, 1988, Kelvin Roberts was arrested. At the time of his arrest, he was taken to Access Hospital. It was determined at the hospital that he had ingested marijuana and PCP. At 4:00 a.m., he was discharged from the hospital and transported to the Fairfax County Adult Detention Center, where he died the following morning.

Plaintiffs filed a Notice of Claim pursuant to Va. Code § 8.01–581.2 on June 5, 1990, and a Medical Malpractice Review Panel hearing was conducted on February 6, 1991. On April 5, 1991, plaintiffs filed a Motion for Judgment which included both an action for medical malpractice and an action for wrongful death. Judge Johanna L. Fitzpatrick later ordered the plaintiffs to elect a cause of action. Plaintiffs elected to pursue the wrongful death action.

The first issue before the court is whether the tolling provisions of § 8.01–581.9 of the Medical Malpractice Act tolled the statute of limitations for the wrongful death claim at the time plaintiffs filed the notice of claim required by Va. Code § 8.01–581.2.

The second issue before the court is whether summary judgment should be granted on the grounds that plaintiffs' action is barred by

decedent's own illegal act which, they claim, proximately caused his death.

I. *The action is not barred by the statute of limitations.*

In the case of *Horn v. Abernathy*, 231 Va. 228 (1986), the Supreme Court of Virginia construed Va. Code § 8.01–244(B) of the Wrongful Death Act together with Va. Code § 8.01–581.9 of the Medical Malpractice Act, the precise statutes at issue in this case.

Va. Code § 8.01–244(A) provides that a wrongful death action "shall be brought . . . within two years after the death of the injured person."

Va. Code § 8.01–581.2 provides that a claimant has no right to bring a medical malpractice action unless he gives the health care provider written notice of his claim before filing the action. Thereafter, either the claimant or the provider has the right to file a written request within 60 days for a review by a medical malpractice review panel. Va. Code § 8.01–581.9 provides that:

> The giving of notice of a claim pursuant to § 8.01–581.2 shall toll the applicable statute of limitations for a period of 120 days from the date such notice is given, or for 60 days following the date of issuance of any opinion by the medical review panel, whichever is later.

In *Horn v. Abernathy*, the decedent died on August 19, 1978. His personal representative gave notice of claim by letter dated August 8, 1980. Because the hospital waited more than 60 days to file its request for a review panel, the request was denied and no panel was ever convened. Plaintiff filed suit on February 19, 1981, well beyond the 120-day period allowed by § 8.01–581.9, arguing that the hospital's request was timely filed, that the request was improperly denied, and that plaintiff's suit was timely filed since 60 days had not passed since the review panel's report. The court held that the request for a review panel was untimely and was properly denied, and that, therefore, the 120-day period applied. *Id.* at 235. Since suit was filed beyond the 120-day period, it was barred by the statute of limitations.

Significantly, the *Horn* court did *not* hold that the tolling provisions of § 8.01–581.9 were inapplicable to the statute of limitations set forth in the Wrongful Death Act. To the contrary, the court determined that the tolling provisions *were* applicable, and then decided

which of the two periods applied to the facts of the case. The court specifically stated that "when [a wrongful death action] is premised upon a claim of medical malpractice, the Medical Malpractice Act controls certain rights and obligations of the parties." *Id.* at 231. The court went on to say that "the [Medical Malpractice] Act also modifies the running of the statute of limitations applicable to all actions claiming damages for injuries or death alleged to result from medical malpractice." *Id.*

By way of deciding *"an alternative argument,"* of plaintiff, the *Horn* court also construed Va. Code § 8.01–244(B) together with § 8.01–229(B). At the time the *Horn* suit was instituted, § 8.01–244(B) provided:

> Every action under [the Wrongful Death Act] shall be brought by the personal representative of the decedent within two years after the death of the injured person. If any such action is brought within such period of two years after such person's death and for any cause abates or is dismissed without determining the merits of such action, the time such action is pending shall not be counted as any part of such period of two years and another action may be brought within the remaining period of such two years as if such former action had not been instituted.

The court held that the tolling provisions of Va. Code § 8.01–229(B) did not apply to a wrongful death action. *Horn*, 231 Va. at 238.[1]

It must be remembered that there were two separate issues before the *Horn* court: (1) whether the tolling provisions of the Medical Malpractice Act were applicable to the Wrongful Death Act's statute of limitations; and (2) whether the nonsuit tolling provisions of § 8.01–229 were applicable to the Wrongful Death Act's statute of limitations. The court held that the malpractice provisions were applicable, but the nonsuit provisions were not.

---

[1] As a result of this decision, the general assembly amended § 8.01–244(B) by adding the following sentence:

> However, if the plaintiff suffers a voluntary nonsuit pursuant to § 8.01–380, the nonsuit shall not be deemed an abatement nor a dismissal pursuant to this subsection, and the provisions of subdivision E 3 of § 8.01–229 shall apply to such a nonsuited action.

The primary case relied on by defendants, *Dodson v. Potomac Mack Sales & Service, Inc.*, 241 Va. 89 (1991), does not overrule *Horn v. Abernathy*, though it cites it. *Dodson*, 241 Va. at 92. Nor does *Dodson* contradict *Horn*. In *Dodson*, the court construed only Va. Code § 8.01–244(B) together with § 8.01–229(E)(3). Consistent with *Horn*, the *Dodson* court held that the nonsuit provisions of § 8.01–229 are inapplicable to wrongful death actions because § 8.01–244(B) controls. *Id.* at 95. The *Dodson* court did not address whether the medical malpractice tolling provisions were applicable to the wrongful death statute of limitations period.

In the case at bar, plaintiffs have not taken a nonsuit. Therefore, defendants' reliance on the nonsuit provisions of § 8.01–244(B) and § 8.01–229 is misplaced. This court declines, therefore, to follow *Gitchel v. Howard*, the circuit court opinion cited by defendants. *Gitchel v. Howard*, 27 Va. Cir 423 (1992).

For the foregoing reasons, defendants' plea in bar is denied.

II. *Decedent's own illegal acts do not bar his recovery in this action.*

Defendants have moved for summary judgment on the grounds that decedent's own criminal acts, i.e., ingestion of marijuana and PCP, bar his action.

In their brief, defendants rely on the recent Virginia Supreme Court case of *Wackwitz v. Roy*, 244 Va. 60 (1992), in which that court stated, in dicta, that unless he is of unsound mind, a plaintiff's suicide, being an illegal act, would bar his wrongful death action against a hospital for prematurely discharging him when they knew or should have known that he was suicidal. Significantly, the decedent in *Wackwitz* committed suicide *after* being discharged from the hospital where he had been diagnosed with "major depression with agitation and paranoia." *Wackwitz*, at 62. The court finds that the case is inapposite to the facts of this case, where the decedent's illegal acts occurred *before* the health care providers undertook a duty of care.

It is a well-settled rule in Virginia that "a party who consents to and participates in an immoral or illegal act cannot recover damages *from other participants* for the consequences of that act." *Miller v. Bennett*, 190 Va. 162, 164–65 (1949) (quoted in *Wackwitz*, at 64) (emphasis added). *See also Zysk v. Zysk*, 239 Va. 32 (1990) (plaintiff's negligence action against her fiance from whom she contracted herpes barred by her own illegal act of fornication).

These cases may be analyzed under the doctrine of assumption of risk. One who participates in an illegal act assumes the consequences of that illegal act. One who slits his wrist assumes the risk of death; one who engages in fornication assumes the risk of contracting venereal disease. By the same token, it can be argued that one who ingests drugs assumes the risk that he may suffer from an overdose of those drugs. However, it does not follow that he would assume the risk that medical personnel who undertook to treat him for that overdose would do so negligently. Even one who *gratuitously* undertakes to act for the benefit of another can be held liable if he does not do so in a reasonably prudent manner. And health care professionals, who are paid to undertake such a duty, are subject to an even higher standard of care. The Virginia Supreme Court has, however, declined to [decide] these cases on the basis of assumption of risk. *See Zysk*, 239 Va. at 35.

In addition, *Miller* and *Zysk* are distinguishable from the case at bar in that those cases involved the attempted recovery by a plaintiff from a defendant who was her partner-in-crime. In *Miller*, the plaintiff sought recovery from the physician who had performed her illegal abortion. In *Zysk*, a woman sought recovery from her fiance from whom she had contracted herpes as a result of illegal fornication.

In this action, plaintiffs are seeking recovery not from decedent's partner-in-crime but from the health care providers who undertook a duty to treat him after any crime had been committed. If that care was substandard, and if the lack of care caused or accelerated decedent's death, the plaintiffs should be able to recover, since it is not then the plaintiff's own illegal act which caused his death. A contrary rule would relieve hospitals and health care providers from any liability for malpractice in the treatment of patients who, for example, contracted AIDS through the illegal act of sodomy or intravenous drug use.

For the foregoing reasons, the motion for summary judgment is denied.