**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELDO O. DANIELS,
Plaintiff-Appellant,

v.

GEORGIA-PACIFIC CORPORATION,
Defendant-Appellee,                                      No. 97-2670

and

UNKNOWN EMPLOYEE(S)OF GEORGIA-
PACIFIC CORPORATION,
Defendant.

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
James C. Turk, District Judge.
(CA-94-63-L)

Submitted: August 4, 1998

Decided: August 25, 1998

Before ERVIN, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William G. Wentz, Bedford, Virginia, for Appellant. Christine H. Per-
due, Elizabeth A. Lalik, HUNTON & WILLIAMS, McLean, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eldo O. Daniels appeals the district court order granting Georgia-Pacific's motion for summary judgment and dismissing Daniels' defamation action. On appeal, Daniels argues that his defamation claims should not have been dismissed as time-barred. Finding no error, we affirm the order.

Eldo Daniels is a Georgia-Pacific employee working at Georgia-Pacific's Big Island, Virginia, mill. In August 1992, another Georgia-Pacific employee, Linda Brown, complained to Georgia-Pacific officials that Daniels had made objectionable statements or acts. Georgia-Pacific conducted a brief investigation to determine if Daniels sexually harassed Brown. Georgia-Pacific held an initial meeting to notify Daniels that an investigation would take place. Georgia-Pacific held a second meeting after a two-day investigation and advised Daniels that his acts and statements did not constitute sexual harassment and the charges were dismissed. Shortly after the second meeting, in August 1992, Daniels observed graffiti on the walls and other objects of the plant which stated "sexual harasor [sic] Eldo," and "Eldo sex man."[1] Daniels does not know who authored the graffiti and did not allege that Georgia-Pacific authored or authorized the graffiti.

Daniels alleged that this graffiti caused him to suffer emotional difficulties, which led to psychological and physiological problems. Daniels alleges that these problems in turn caused him to contract pneumonia. Daniels took a leave of absence from work from February through May 1993.

Daniels returned to work on June 1, 1993. Daniels alleged that new

_____

[1] Similar graffiti also appeared on a barn on Daniels' property at the same time.

graffiti appeared on June 3, 1993, that stated "sex man returns." Again, Daniels does not allege that the graffiti was authored or authorized by Georgia-Pacific. Daniels immediately complained to Georgia-Pacific officials about the new graffiti and it was removed the next day. Daniels did not allege that he suffered any injury from the June 1993 graffiti.

The length of time that the August 1992 graffiti remained on Georgia-Pacific property is uncertain. In his answer to an interrogatory, Daniels alleged that the graffiti was removed one year after he complained of it, with the exception of graffiti on his locker, which was removed immediately. In a later affidavit, Daniels averred that the August 1992 graffiti was not removed until October 1994. Finally, in his brief on appeal, Daniels alleges that the graffiti remained in view until October 1995. This later date was not alleged in the district court records.

In April 1993, Daniels filed a grievance in accordance with the collective bargaining agreement between Georgia-Pacific and the United Paperworkers International Union alleging that he had been harassed and seeking compensation for the investigation of Ms. Brown's complaint and the appearance of the graffiti. Georgia-Pacific denied Daniels' grievance and noted that it thought the proper remedy was a workers' compensation claim. The Union took the grievance to arbitration and the grievance was dismissed. Daniels did not challenge the arbitrator's decision.

Also in April 1993, the mill's Safety Director told Daniels that he should file a workers' compensation claim and sent Daniels the claim forms. At approximately the same time, Daniels contacted an attorney regarding filing a defamation action against Georgia-Pacific. Daniels did not pursue the defamation action, even after a reminder from his attorney, and instead elected to proceed on the workers' compensation claim. Daniels' counsel voluntarily withdrew the claim because he did not have a health care provider who would testify that Daniels' injuries were caused by the investigation and graffiti.

Daniels filed the present action in Virginia circuit court alleging common law slander and insulting words under Va. Code Ann.

§ 8.01-45 (Michie 1992).**2** Georgia-Pacific removed the action to federal court. Georgia-Pacific then moved for summary judgment based upon three grounds: (1) that the claims were barred by the applicable statute of limitations, (2) that Daniels failed to state a claim for defamation, and (3) that the defamation claims were preempted by Section 301 of the Labor Management Relations Act.

After a first hearing on the summary judgment motion, the district court granted in part and denied in part Georgia-Pacific's motion. The court held that the claims based upon the August 1992 graffiti were preempted by federal labor law. The court allowed the claims based upon the June 1993 graffiti to proceed on the issue of whether the June 1993 graffiti constituted a republication of the August 1992 graffiti and whether Georgia-Pacific could potentially be liable for intentional and unreasonable refusal to remove the graffiti. The district court also denied Georgia-Pacific's motion for summary judgment based upon the argument that the Virginia Workers' Compensation Act was Daniels' exclusive remedy for the remaining claims. Discovery proceeded and Georgia-Pacific filed a third motion for summary judgment, arguing that Daniels did not satisfy the requirements of a defamation claim with respect to the June 1993 graffiti, and that the claims based upon the June 1993 graffiti were time-barred.

The district court granted Georgia-Pacific's summary judgment motion and dismissed the case. The court found that based upon Daniels' representation made during the course of discovery, all of his claims were barred by the applicable statute of limitations and that Daniels did not allege grounds sufficient to toll the limitations period. On appeal, Daniels only challenges the district court's rulings on the statute of limitations bar.

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-

_____

**2** Because actions filed under§ 8.01-45 are "`virtually co-extensive with the common law action for defamation,'" Dwyer v. Smith, 867 F.2d 184, 195-96 (4th Cir. 1989) (quoting Potomac Valve & Fitting, Inc. v. Crawford Fitting Co., 829 F.2d 1280, 1284 (4th Cir. 1987)), Daniels' claims may collectively be referred to as defamation claims.

48 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, we must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. See Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). We review a grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). In the present case, we find that the district court properly granted Defendant's motion. Because Daniels' appellate brief addresses only the statute of limitations, we limit our review to that issue.

The statute of limitations for defamation actions filed prior to 1995 in Virginia is one year. See Va. Code Ann.§ 8.01-248 (Michie 1992 & Supp. 1997). Daniels filed his action on July 15, 1994. Daniels advances three arguments to support his assertion that his defamation action is not barred by the statute of limitations. First, he alleges that if the August 1992 graffiti claim is barred by the statute of limitations, the June 1993 graffiti should be considered a republication of the August 1992 graffiti. Daniels relies upon the holding in Weaver v. Beneficial Fin. Co., 98 S.E.2d 687, 691 (Va. 1957), that each time defamatory material is brought to the attention of a third person there is a new publication. See Weaver, 98 S.E.2d at 691. A separate action lies for any repetition of the original defamation within the statutory time. Id.

While a new action accrues with each republication or repetition, the person liable for the republication under Weaver is the author or originator of the defamatory material. Id. Daniels does not allege that Georgia-Pacific is the author of the graffiti. Next, even if the June 1993 graffiti constituted a republication of the August 1992 graffiti, the statute of limitations would have run prior to Daniels' filing suit. Daniels did not file his action until July 15, 1994. He stated in the discovery materials that the June 1993 graffiti was removed in early June 1993. Thus, the early June publication or, at the latest, the removal date would have required Daniels to file suit by early June 1994.

Next, Daniels argues that because the property displaying the graffiti remained under the control of Georgia-Pacific, and Georgia-Pacific failed to remove it when it had the ability to do so, Georgia-Pacific is subject to liability for the length of period that the graffiti

5

remained. Daniels relies upon a illustration of the Restatement (Second) of Torts § 577, illus. 15 (1977). This illustration remarks that a tavernowner is liable for graffiti which he saw and did not remove one hour after he became aware of it. The tavernowner was liable for the graffiti for the hour that he knew of its existence and did not remove it.

Virginia has not adopted the Restatement (Second) of Torts § 577 as the law for defamation claims. Virginia has not addressed the question of property owner liability for graffiti in a defamation context. The district court reasoned that a property owner's liability should not be greater than that of the original author. The author is immune from suit one year after authoring the graffiti. See Morrisey v. William Morrow & Co., Inc., 739 F.2d 962, 967 (4th Cir. 1984) (adopting the single publication rule as Virginia law holding that only one action for damages may be maintained for a single publication). However, if the Restatement illustration is adopted, the property owner would be subject to liability for graffiti it did not author for a longer period of time than the author. The district court also correctly noted, and the Restatement illustration may be interpreted to mean, the property owner's liability accrues shortly after learning of the graffiti. The Restatement illustration considers only a very short period of time and may not be read to presume that the action continues to accrue over a two-year period of time.

The Supreme Court of Virginia has recently discussed when a defamation cause of action accrues. The court found that the cause of action begins to accrue when the defamation occurred. See Jordan v. Shands, ___ S.E.2d ___, 1998 WL 211607, *3 (Va. Apr. 17, 1998) (No. 971316) (citations omitted). In Jordan, a warrant was sworn out against the plaintiff containing incorrect information that resulted in the plaintiff being taken into custody and an order for her to appear in a state court on a later date. At the court hearing, the incorrect information on the warrant was once again discovered and the charges against her dismissed. Id. The plaintiff argued that the one-year statute of limitations for the defamation claim should run from the date of the court appearance. The court held that any cause of action for the defamation claim accrued on the date she alleged the defamatory acts to have occurred. Id. With this decision, we find that, although the Supreme Court of Virginia has not ruled upon this exact question,

6

it would likely decide that the cause of action against Georgia-Pacific accrued shortly after it received notice of the graffiti and did not remove it. Because Georgia-Pacific knew of the graffiti in early June 1993, the one-year statute of limitations ran before Daniels' complaint was filed in August 1994.

Finally, Daniels argues that the statute of limitations did not run because it was tolled due to Georgia-Pacific's obstruction in filing the action. Under Va. Code Ann. § 8.01-229(D) (Michie 1992 & Supp. 1997), if the defendant obstructs the filing of an action, the time the obstruction lasts is not counted toward the running of the statute. Daniels argues that the limitation period should have been tolled because he decided to file a workers' compensation claim at Georgia-Pacific's suggestion. A statute of limitations will only be tolled for obstruction when the defendant engages in fraudulent behavior involving moral turpitude which is intended to conceal a cause of action. See Horn v. Abernathy, 343 S.E.2d 318, 321 (Va. 1986) (citations omitted). Daniels claims that the limitations period should be tolled because the safety director of the mill told Daniels that he would be paid workers' compensation. By Daniels' own account he had knowledge of the right to file a defamation action because he had consulted with an attorney, and the attorney sent him a reminder that he had not yet filed suit. Daniels knew that Georgia-Pacific was contesting his workers' compensation claim; therefore he cannot argue that Georgia-Pacific assured him that the claim would be paid. We therefore find that the district court correctly found that the tolling provisions of § 8.01-229(D) do not apply in this case.

We therefore affirm the district court judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7