## CIRCUIT COURT OF FAIRFAX COUNTY

Deborah Combs,
Administrator
of the Estate of
Earl Michael Sizemore, II,
Deceased

v.

Rogers

March 23, 2001

Case No. (Law) 186028

BY JUDGE MICHAEL P. MCWEENY

This case came before the Court upon the Defendant's Plea in Bar and Motion to Dismiss. During the hearing, the issues were clarified as the defendant withdrew his claim that no suit had been filed within the original limitations period. The remaining issue is whether the prior, nonsuited case failed to toll the running of the statute of limitations and whether the suit in the case at bar is void. Upon these points, the Court took its ruling under advisement.

It is agreed that the Motion for Judgment in the prior case, as in this case, was filed by Deborah Combs, Administrator of the Estate of Earl Michael Sizemore, II, Deceased, acting *pro se*. Accordingly, the defendant contends that, as Ms. Combs was not acting on her own personal action, the filing was in violation of the Unauthorized Practice of Law Rules and thus void *ab initio*. The Court does not agree.

This is an action for wrongful death pursuant to Va. Code § 8.01-50. The defendant notes that the Virginia Supreme Court has defined a wrongful death action as "a right of action to enforce a cause of action, both created by statute in derogation of the common law." *Horn v. Abernathy*, 231 Va. 228, 237, 343 S.E.2d 318 (1986). The action is not "personal" to the personal

representatives. *Id.* This point was dispositive in *Horn, supra,* as the question was whether the death of a prior personal representative implicated Va. Code § 8.01-229(B), thus extending the time to file. Since the statute refers to the death of "a person entitled to bring a personal action" (*id.*), the death of a personal representative did not qualify.

Virginia Code § 8.01-50(B) provides:

> Every such action under this section shall be brought by and in the name of the personal representative of such deceased person within the time limits specified in § 8.01-244.

(Emphasis added.)

Clearly, Ms. Combs is a named party and is authorized as the only party entitled to bring the action. It is not her personal action; however, she is not "representing" the estate, as the term is understood in the Unauthorized Practice of Law Rules. "As the party-plaintiff, [she] is merely a surrogate for the beneficiaries of the cause of action." *Horn v. Abernathy, supra,* at 237.

As a surrogate, the personal representative stands in place of the beneficiaries and is a party entitled to file the suit *pro se.* Parenthetically, this appears to be the same as the situation in *Horn* as the initial notice of claim is described as having been sent by the first personal representative, Palmer Mays, with the hospital responding with "a copy of its letter . . . to Palmer Mays." *Horn, supra,* at 230. (Counsel appears three months later. *Id.*)

The Plea in Bar and Motion to Dismiss are overruled and denied, respectively.