# CIRCUIT COURT OF FAIRFAX COUNTY

Christina Alcira et al.

v.

Kaiser Foundation
Health Plan of the
Mid-Atlantic States, Inc., et al.

April 8, 2005

Case No. (Law) 2005-000019

BY JUDGE RANDY I. BELLOWS

This matter came before the Court on Friday, April 1, 2005, on the Defendant's Demurrer and Plea in Bar. The Court makes the following findings.

First, the defense of the statute of limitations can be raised by a plea in bar because it is a responsive pleading.

Second, the plea in bar/demurrer based on the claims being barred by the Virginia Birth Related Neurological Injury Compensation Act (Va. Code § 38.2-5000 *et seq.*) (hereafter "the Act") is sustained for two independent reasons. First, the Act states that the rights and remedies granted under the Act "shall exclude all other rights and remedies of such infant, his personal representative, parents, dependents, or next of kin." Va. Code § 38.2-5002(B). *See also Reaves v. Rattner*, 34 Va. Cir. 84 (Fairfax County 1994), which involved a very similar situation. ("The rights and remedies under the Act exclude all other rights of the injured infant arising out of a medical malpractice claim against a participating physician with respect to such injury.") Second, Camay Alcira was awarded benefits under the Act in 2000 as a result of injuries suffered during her birth in 1998. The Wrongful Death Statute (Va. Code § 8.01-51) states that "no action shall be maintained by the personal representative of one who, after injury, has compromised for such injury and accepted satisfaction therefor previous to his

death." Therefore, the Plaintiffs are not entitled to relief under the Wrongful Death Statute.

The Plea in Bar with regard to Christina Alcira's personal claims is granted because this Court finds that the Act does not toll the Statute of Limitations as it applies to Christina Alcira's personal claims.

The Plea in Bar based on the date of filing of the wrongful death action is overruled. Defendant concedes that, if Camay Alcira died on January 2, 2003, her claim was timely filed on January 3, 2005. (January 2, 2005, was a Sunday.) *See* Va. Code § 1-13.1:1. The Court rejects the Plaintiffs' alternative argument that Va. Code § 8.01-229(B) extends the statute of limitations until one year from the date the personal representative qualified. The case law is clear that Va. Code § 8.01-229(B) does not apply to wrongful death cases. *See Horn v. Abernathy*, 231 Va. 238 (1986).

Because these rulings dispose of all claims in this case, upon the motion of the Defendant, this case is dismissed. In light of this dismissal, the Court need not further address the Defendants' objections to the Plaintiffs' styling of the case.

The Clerk of the Court is directed to mail a copy of this Letter Opinion and the Order to counsel for Plaintiffs, Steven Bullock, Esquire, and to counsel for Defendants, Mark Jones, Esquire.